UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 3:24-CR-35-TAV-JEM |
| PAT ALLEN POTTER, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Pat Potter's Unopposed Motion to Continue Trial and Related Dates [Doc. 19], filed on September 23, 2024.

Defendant asks the Court to continue all deadlines and the trial date [Doc. 19]. In support of his motion, Defendant states that he continues to meet with his counsel regarding his options in this case [*Id.* ¶ 1]. He explains that the parties continue negotiating and predicts that they will likely resolve the matter [*Id.*]. Defendant contends they require additional time to finalize a resolution [*Id.*]. Defendant understands that the time between filing the motion and a rescheduled trial date is excludable for speedy trial purposes [*Id.* ¶ 3]. He represents that the Government does not oppose a continuance [*Id.* ¶ 4].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C.

§ 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs more time to continue negotiating to finalize a resolution and otherwise prepare for trial if negotiations are not fruitful. The Court finds that this cannot occur before the October 8, 2024 trial date.

The Court therefore **GRANTS** Defendant Pat Potter's Unopposed Motion to Continue Trial and Related Dates [**Doc. 19**]. The trial of this case is reset to **February 25, 2025**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all the time between the filing of the motion on September 23, 2024, and the new trial date is fully excludable under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Pat Allen Potter's Unopposed Motion to Continue Trial and Related Dates [**Doc. 19**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **February 25, 2025, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **September 23, 2024**, and the new trial date of **February 25, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **January 27, 2025**;

(5) the deadline for filing motions *in limine* is **February 10, 2025**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **February 11, 2025, at 11:30 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **February 14, 2025**.

**IT IS SO ORDERED.**

ENTER:

/s/ Jill E. McCook
Jill E. McCook
United States Magistrate Judge